ARMED SERVICES BOARD OF CONTRACT APPEALS

Appeal of -- )
)
Military Aircraft Parts )    ASBCA No. 60336
)
Under Contract Nos.  SPM4A7-11-M-J567 )
                    SPM4A7-11-M-P870 )
                    SPM4A7-12-M-0831 )

APPEARANCE FOR THE APPELLANT:        Mr. Robert E. Marin
                                       President

APPEARANCES FOR THE GOVERNMENT:      Daniel K. Poling, Esq.
                                       DLA Chief Trial Attorney
                                      Edward R. Murray, Esq.
                                      Jason D. Morgan, Esq.
                                       Trial Attorneys
                                       DLA Aviation
                                       Richmond, VA

OPINION BY ADMINISTRATIVE JUDGE MCILMAIL ON APPELLANT'S
MOTION FOR RECONSIDERATION

Appellant requests that we reconsider our 25 April 2016 decision denying its appeal. There, we rejected appellant's jurisdictional argument that we could waive the 90-day appeals period in the Contract Disputes Act, 41 U.S.C. § 7104(a), to consider appellant's untimely challenge to the termination of Contract No. SPM4A7-11-M-J567. *Military Aircraft Parts*, ASBCA No. 60336, 16-1 BCA ¶ 36,361 at 177,251.*

Appellant objects that, in doing so, we did not consider the opinion of the United States Supreme Court in *Sebelius v. Auburn Regional Medical Center*, 133 S. Ct. 817 (2013) (mot. at 2). However, a motion for reconsideration is not intended to allow a party to re-argue issues that were previously raised and decided. *Precision Standard, Inc.*, ASBCA No. 59116, 15-1 BCA ¶ 36,155 at 176,448. In addressing appellant's position regarding our jurisdiction, we rejected appellant's request for a "good cause" exception to the 90-day period, citing a 5 February 2016 brief in which appellant had responded to the government's earlier motion to dismiss for lack of jurisdiction; in that brief, appellant had relied upon *Sebelius*. *Military Aircraft Parts*, 16-1 BCA ¶ 36,361 at 177,251. The

---

* This appeal was decided under Board Rule 12.2 and shall have no value as precedent, and in the absence of fraud, shall be final and conclusive and may not be appealed or set aside.

government also addressed *Sebelius* and the 90-day appeals period, in its 25 March 2016 opening brief (gov't br. at 12). Although we did not address *Sebelius* in denying the appeal, we relied upon our own, more recent case law to reject appellant's argument. *Id.* (citing *TTF, LLC*, ASBCA No. 59511 *et al.*, 15-1 BCA ¶ 35,883 at 175,434). Consequently, in raising the issue of *Sebelius*, appellant raises an issue–whether the 90-day appeals period is jurisdictional–that we have already addressed, and decided, in this appeal.

In its reply to the government's response to its motion, appellant also suggests that there is "new evidence" that it did not receive proper notice of its appeal rights with respect to the termination of Contract No. SPM4A7-11-M-J567 (reply at 1, 5). Although newly discovered evidence can be the basis for reconsideration, *see Paradigm II, LLC*, ASBCA No. 55849, 12-2 BCA ¶ 35,152 at 172,528, we see no such evidence here. Indeed, the 18 March 2013 termination decision (which is not newly discovered) notified appellant that it had the right to appeal to the Board within 90 days of receipt of the decision, and provided the Board's address (R4, tab A14). *See generally Access Personnel Services, Inc.*, ASBCA No. 59900, 16-1 BCA ¶ 36,407 (describing appeal rights notice requirement).

For these reasons, the motion to reconsider is denied.

Dated: 2 August 2016

TIMOTHY P. MCILMAIL
Administrative Judge
Armed Services Board
of Contract Appeals

I certify that the foregoing is a true copy of the Opinion and Decision of the Armed Services Board of Contract Appeals in ASBCA No. 60336, Appeal of Military Aircraft Parts, rendered in conformance with the Board's Charter.

Dated:

JEFFREY D. GARDIN
Recorder, Armed Services
Board of Contract Appeals